CHICAGO—FIRST DISTRICT—FEBRUARY, 1917.    181

Chicago Sav. Bk. & T. Co. et al. v. Dunn et al., 204 Ill. App. 181.

Chicago Savings Bank & Trust Company and Lucius Teter, Plaintiffs in Error, v. Mary J. Dunn and William H. Dunn, Defendants in Error.

Gen. No. 22,665.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed February 19, 1917.

## Statement of the Case.

Petition by the Chicago Savings Bank & Trust Company and Lucius Teter, petitioners, in a suit for foreclosure brought by said company, for a writ of assistance against William H. Dunn, defendant, and Mary J. Dunn, not a defendant. From an order denying such writ as to Mary J. Dunn, petitioners bring error.

This suit was to foreclose a purchase money mortgage given by Lyda Champlin to secure $2,500 on the purchase of certain real estate from Lucius Teter for $2,900. Champlin conveyed the premises to William H. Dunn, who occupied the premises thereafter. Champlin and William H. Dunn only were made parties defendant to the suit. Sale of the premises was had therein to Teter, and he received deed on expiration of the period of redemption. After demand for possession made upon William H. Dunn and Mary J. Dunn, his wife, deeds from Champlin to William H. Dunn and from William H. Dunn to Mary J. Dunn, both dated prior to the bringing of the suit, were recorded, and this petition for writ of assistance was thereupon filed. The decree of sale provided for letting the purchaser into possession and that a writ of assistance should issue.

Chicago Sav. Bk. & T. Co. et al. v. Dunn et al., 204 Ill. App. 181. ·

Roy C. Merrick, for plaintiffs in error.

Louis W. McIntyre, for defendant ·in error Mary J. Dunn.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Mortgages, § 450*—*when wife of owner of redemption is not necessary party to foreclosure suit.* The wife of the owner of the equity of redemption is not a necessary or a proper party to proceedings to foreclose a purchase money mortgage.

2. Homestead, § 43*—*when cannot be asserted.* A homestead cannot be asserted against a purchase money mortgage.

3. Homestead, § 65*—*when conveyance by husband to wife of incumbered homestead is void.* A conveyance by a husband to his wife of their homestead valued as an equity at $400 is void under the Statute of Frauds and passes no title.

4. Dower, § 36*—*when cannot be asserted.* Dower cannot be asserted against a purchase money mortgage.

5. Assistance, writ of, § 4*—*when purchaser at foreclosure sale entitled to.* In a suit to foreclose a purchase money mortgage, where sale was had and deed given to the purchaser, *held* that the purchaser would be entitled to a writ of assistance for possession of the lands against both a defendant in such suit and against his wife residing with him on the lands, notwithstanding she was not a party to the suit and notwithstanding a deed of said lands by him to her of record.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.